**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| WEBBER DOUGLAS GILMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:22-CV-163 MTS |
| | ) | |
| ERIC G. ZAHND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the civil complaint and motion for leave to commence this action without prepayment of the required filing fee of self-represented Plaintiff Webber Douglas Gilmer.  Doc. [1-2].  Because this Court is not the proper venue for this civil action, and the interests of justice do not require transfer of this action, this case will be dismissed.  *See* 28 U.S.C. §§ 1391(b), 1406(a).

**The Complaint**

Plaintiff filed his civil complaint in December 2022 against defendants Eric G. Zahnd (prosecutor in Platte County, Missouri), Guy Kirtley (police officer in Kansas City, Missouri), and Matthew Morton (detention officer at Platte County Detention Center). Doc. [1] at 13.  According to the complaint, "Plaintiff is an "innocent state prisoner."  *Id.* at 1.  In the complaint caption, plaintiff provides a Missouri state case number for a case where he was found guilty of murder in the first degree and armed criminal action in October 2008.  *See State v. Webber Douglas Gilmer*, No. 07AE-CR00810-03 (6th Jud. Cir., 2008).  Plaintiff was sentenced by the Platte County Circuit Court in December 2008 to life in prison without parole and 75 years.

Plaintiff brings this case in regard to the 2008 Missouri state court conviction, alleging that he was unconstitutionally arrested, imprisoned, and convicted.  Plaintiff asserts that police officer

defendant Kirtley arrested him in March 2007 based on knowingly false charges and without probable cause. Doc. [1] at 2. Then, Platte County prosecutor, defendant Zahnd, relied on false statements to indict plaintiff on charges of murder and armed criminal action, and to unconstitutionally imprison him. *Id.* at 2-3. Two days after the charges were issued, detention officer defendant Morton "unexpectedly" removed plaintiff from a "hospital bed against his will" and took plaintiff into custody in Platte County. *Id.* at 3. Finally, Zahnd "maliciously" prosecuted plaintiff on the "fraudulent felony criminal" charges and in December 2008, plaintiff was "wrongfully committed" for life. *Id.* at 4-5.

Plaintiff also asserts claims of internet defamation and common law invasion of privacy against defendant Zahnd. *Id.* at 5-10. Plaintiff alleges that Zahnd published online a "defamatory and harmful message" about him in July 2014. *Id.* at 6. Plaintiff claims that Zahnd published information "with knowledge of falsity" and that the online publication invaded plaintiff's right to privacy by "appropriation of Plaintiff's named and photograph" without his consent. *Id.* at 7-9. Plaintiff attaches a copy of the allegedly defamatory and invasive publication, which contains quotes from prosecutor Zahnd but does appear to have been published by him. Doc. [1-2]. In the publication, Zahnd's quoted statements provide detail about plaintiff's Platte County murder conviction. *Id.*

Plaintiff seeks over a hundred million dollars in damages for mental and physical injuries, loss of earnings, and intentional infliction of emotional distress. *Id.* at 4-13.

## Improper Venue

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. According to the information provided in the complaint, the three defendants are located in Platte City and Kansas City, Missouri. Doc. [1] at 13. The events giving rise to plaintiff's claims occurred in those cities as well. Both cities are located within the boundaries of the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 105(b). Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that any of the defendants reside within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

### Discussion

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the interests of justice do not require transfer of this action because it appears that jurisdiction is lacking.

Plaintiff alleges that this court has jurisdiction because of "complete diversity of citizenship between plaintiff and defendant(s), and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000." Doc. [1] at 1. However, the factual allegations of the complaint do not support this assertion. Plaintiff describes defendant Zahnd as a citizen of the State of Missouri. *Id.* Plaintiff, who is Missouri state prisoner, appears to have resided in Kansas City, Missouri prior to his incarceration. Doc. [1-1] at 1. Therefore, Zahnd and plaintiff are both Missouri citizens. *See Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (discussing how for purposes of determining diversity of citizenship, the traditional rule with respect to the domicile

- 3 -

of prisoners is that a prisoner retains the domicile he had prior to his incarceration).  As such, complete diversity of citizenship is lacking, and diversity jurisdiction under 28 U.S.C. § 1332 does not exist here.

Furthermore, plaintiff's complaint is founded on the assertion that he has been wrongly charged and convicted of murder in state court.  Any review of the state court's decision would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Based on this doctrine, federal district courts lack subject matter jurisdiction to engage in appellate review of state court decisions.  *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

### Conclusion

Under 28 U.S.C. § 1391(b), this Court is not the proper venue for this civil action.  When venue is improper, the Court can either dismiss or transfer the action under 28 U.S.C. § 1406(a).  For the reasons discussed above, transfer of this action to a different venue would not be in the interests of justice.  As such, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [ 2], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file inmate account statement, Doc. [8], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file more recent account statement, Doc. [9], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [4], is **DENIED as moot**.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 26th day of January, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE