# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WEBBER DOUGLAS GILMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-163-MTS |
| | ) |
| ERIC G. ZAHND, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented Plaintiff Webber Gilmer's "Notice of Correction of Nunc Pro Tunc Memorandum and Order and/or Alternatively Motion for Reconsideration of Memorandum and Order." Doc. [14]. On January 26, 2023, the Court ruled that this Court is not the proper venue for this civil action, and that the interests of justice do not require transfer of this action, so the case was dismissed. Docs. [10], [11]. Based on a review of the arguments in Plaintiff's instant motion for reconsideration, the Court will deny Plaintiff's motion.

## Background

In 2008, Plaintiff was convicted in Missouri's Platte County Circuit Court for murder in the first degree and armed criminal action. *See State v. Webber Douglas Gilmer*, No. 07AE-CR00810-03 (6th Jud. Cir., 2008). Plaintiff was sentenced to life in prison without parole and 75 years. Fourteen years later, in December 2022, Plaintiff filed this civil action, in regard to that 2008 state-court case against defendants Eric G. Zahnd (prosecutor in Platte County, Missouri), Guy Kirtley (police officer in Kansas City, Missouri), and Matthew Morton (detention officer at

Platte County Detention Center). Doc. [1]. Plaintiff alleged that he was unconstitutionally arrested, imprisoned, and convicted in that 2008 Missouri state court case.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.

In the Court's January 26, 2023, Memorandum and Order, it found that none of the venue requirements of § 1391 were present in this case. Doc. [10]. According to the information provided by Plaintiff, the three defendants are located in Platte City and Kansas City, Missouri. The events giving rise to Plaintiff's claims occurred in those cities as well. Both cities are located within the boundaries of the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 105(b). Plaintiff made no allegation of any act or omission occurring within the jurisdictional boundaries of this Court, nor did he allege that any of the defendants resided within this district. Accordingly, venue in the Eastern District of Missouri is not proper.

Furthermore, the Court found that federal court jurisdiction is lacking in this case. Plaintiff alleged in his complaint that diversity jurisdiction existed; however, defendant Zahnd and Plaintiff are both Missouri citizens. As such, the Court ruled that complete diversity of citizenship is lacking, and diversity jurisdiction under 28 U.S.C. § 1332 does not exist here. Finally, the Court

briefly discussed the *Rooker-Feldman* doctrine and how a federal district court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). For these reasons, the Court found that the interests of justice do not require transfer of this action. As a result, the Court dismissed the case for lack of proper venue. Docs. [10], [11].

### Motion for Reconsideration

Plaintiff now asks the Court to reconsider its dismissal of this matter. As best the Court can decipher, Plaintiff asserts that venue is proper here because defendant Platte County prosecutor, Eric Zahnd, is subject to personal jurisdiction in this district. Doc. [14] at 1-2. Plaintiff makes arguments concerning Zahnd's "purposely … targeting" of this district, the considerations of "traditional notions of fair play and substantial justice," and the application of the "long-arm statute." *Id.* at 1-3. Despite defendant Zahnd being an individual and not a corporation, Plaintiff attempts to support his argument with citation to a Connecticut case discussing personal jurisdiction over a defendant corporation. *Id.* at 2 (citing *Inset Sys., Inc. v. Instruction Set, Inc.*, 937 F. Supp. 161, 165-66 (D. Conn. 1996)).

Plaintiff seems to be suggesting that he did not mean to bring claims against defendants Kirtley and Morton – that those assertions were only "background acts or omissions" and "not material." *Id.* at 2. He seemingly only intended to raise a claim of internet defamation against Zahnd. *Id.* Plaintiff argues that Zahnd published an "unscrupulous and lib[el] social media message" in July 2014 – that was not discovered by Plaintiff until January 2019 – which impeaches evidence presented in Plaintiff's 2008 Missouri state court case. *Id.* at 1.

Finally, Plaintiff asserts that diversity of citizenship exists here on the basis of:

3

>   complete conscious diversity of citizenship … meaning: class, racial privilege, oppression, disability, disadvantage, political imprisonment, constitutional guaranteed legal representation, Missouri Castle Doctrine protection, powerlessness to prevent being framed, defamed on social media and by retained super-predacious-pettifogger lawyers, suppressed DNA, GSR, alibi witnesses, elder abuse, blatant medical neglect and genocide of the 1994 Prisoner Litigation Reform Act and 1994 Anti-terrorism and Death Penalty Act.

*Id.* at 3.

### Legal Standards for Reconsideration

It is unclear whether Plaintiff intends for his motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

On the other hand, Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

4

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

**Discussion**

Plaintiff's arguments for reconsideration of dismissal are not persuasive. The Court finds no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff does not allege that venue is proper in this Court based on any of the requirements of 28 U.S.C. § 1391(b). To the extent that Plaintiff argues that this Court has personal jurisdiction over defendant Zahnd, this is irrelevant given that all defendants reside in the Western District of Missouri and a substantial part of the events giving rise to Plaintiff's claims occurred there. Also, Plaintiff's stated reasons for the existence of complete diversity between the parties does not make sense. Zahnd and Plaintiff are both Missouri citizens so complete diversity of citizenship does not exist here. Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying

reconsideration of the Court's judgment.  There are no exceptional circumstances here that justify extraordinary relief.

The Court declines to provide Plaintiff with relief from final judgment in this matter. To the extent Plaintiff argues he is entitled to appointment of counsel, Plaintiff should be aware that there is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration, Doc. [14], is **DENIED**.

Dated this 14th day of March, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE